# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

JEREMY KENNEDY                                                                                PLAINTIFF

v.                                3:22CV00317-JM-JTK

JASON TUBBS, et al.                                                 DEFENDANTS

## ORDER

Jeremy Kennedy ("Plaintiff") is in custody at the Jackson County Detention Center. He filed a Motion to Proceed In Forma Pauperis in order to commence a pro se federal civil rights action without prepayment of the $402.00 filing fees and costs. (Doc. No. 1).[1] Plaintiff's Motion (Doc. No. 1) is DENIED because he has not included a calculation sheet and certificate signed by an authorized official of the facility in which Plaintiff is incarcerated. Further, Plaintiff is a three-striker under the Prison Litigation Reform Act ("PLRA"), and his Complaint, as currently pled, does not establish imminent danger.

**I.**      **In Forma Pauperis Motion**

According to the PLRA, **a prisoner who is allowed to file a civil action in forma pauperis still must pay the full amount of the $350 filing fee.** See 28 U.S.C. § 1915(b)(1). Furthermore, before docketing the complaint or, as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A. **If the case**

---

[1] Effective December 1, 2020, the civil filing fee increased to $402, due to the implementation of a $52 administrative fee. This $52 fee does not, however, apply to plaintiffs who are granted in forma pauperis status.

**is dismissed for any of these reasons, there is no provision in the Act for a refund of any portion of the filing fee to the prisoner**.

Under the Act, in order for the Court to determine how the $350 filing fee will be paid, **the prisoner is required to submit a certificate and calculation sheet <u>prepared and signed by an authorized official of the incarcerating facility</u>. This calculation sheet reflects the deposits and monthly balances in the inmate's trust account at the facility during the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). The prisoner is also required to submit "an affidavit that includes a statement of all assets such prisoner possesses . . . ." 28 U.S.C. § 1915(a)(1).** The Act also provides that in no event shall a prisoner be prohibited from bringing a civil action because he "has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

## II.     SCREENING

The Court is required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a).[2] Additionally, the PLRA, 28 U.S.C. § 1915(g), provides that:

---

[2] The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).   An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).   An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has had at least three complaints dismissed for failure to state a claim.[3]  The Court finds that Plaintiff is a "three-striker" within the meaning of the PLRA.  Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above.  28 U.S.C. §1915(g).  This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed.  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).  In the Eighth Circuit, the exception does not apply unless the plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

---

Additionally, to survive a court's screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Twombly, 550 U.S. at 556-7.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."  Id.

[3] Kennedy v. Barker, 5:93-cv-00489 (E.D. Ark.); Kennedy v. Byers, 5:94-cv-00682 (E.D. Ark.); and Kennedy v. Minor, 5:04-cv-00046 (E.D. Ark.).  See also Kennedy v. Hobbs, 4:15-cv-00288 (E.D. Ark.) (Doc. No. 6) (describing dismissals and attaching files from the archive).

### III.   PLAINTIFF'S COMPLAINT

In Plaintiff's Complaint, he sets out four separate incidents of alleged deliberate indifference to serious medical needs. (Doc. No. 2). First, Plaintiff says he has chronic hepatitis B and has been receiving care at the UAMS Gastroenterology Clinic since 2014. (Id. at 2). Plaintiff explains that he visits the chronic care clinic each 90 days to monitor his liver enzymes, and otherwise visits the clinic each six months. (Id.). Plaintiff claims he has been in the Jackson County Detention Center "for almost 4 months," but has seen Elkins only once about Plaintiff's hepatitis B. (Id.). According to Plaintiff, Elkins refuses to authorize Plaintiff to go to UAMS while Elkins is "not qualified to monitor or treat hep B." (Id.).

Second, Plaintiff claims that in November, Defendant Cooper and Nurse Huddleston ignored a sick inmate in Plaintiff's pod, after which approximately 10 other inmates, including Plaintiff, became ill. (Id.). Plaintiff believes the illness was Covid-19 and says he was left without treatment. (Doc. No. 2 at 3).

Third, Plaintiff complains that after Thanksgiving he twisted his ankle, but received medical care only the next day. (Id. at 3-4). When Defendant Huddleston examined Plaintiff's ankle, she remarked "oh, you twisted it good, didn't you?" but offered no further medical care. (Id.).

Lastly, Plaintiff claims he was denied dental treatment because he could not pay the $40 fee; as a result, Plaintiff pulled his own tooth on the night of December 8, 2022 as he could not stand the pain any longer. (Id. at 4). Plaintiff did not receive medical care that night despite alerting Defendants Huddleston, Sissy, and Rodney to his situation. (Id. at 4-5). Plaintiff says the continuing pain prevents him from sleeping. (Id. at 5). Plaintiff seeks damages. (Doc. No. 2 at 5).

IV.     ANALYSIS

Prison officials violate a pretrial detainee's rights under the Due Process Clause of the Fourteenth Amendment when they show deliberate indifference to his serious medical needs. Ivey v. Audrain County, Missouri, 968 F.3d 845, 848 (8th Cir. 2020). For convicted prisoners, the rights are protected under the Eighth Amendment. To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. See Id. "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). "Mere negligence is not sufficient to support a cause of action under § 1983." Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993).

A.      **Hepatitis B**

Plaintiff does not allege that he is being denied medical treatment altogether. Rather, Plaintiff alleges that he is being denied the treatment he is accustomed to receiving. To the extent Plaintiff claims he is not being treated properly, a "mere disagreement with treatment decisions . . . does not rise to the level of a constitutional violation." Cejvanovic v. Ludwick, 923 F.3d 503, 507 (8th Cir. 2019).

Plaintiff provided the Court sparse facts in support of his claim. He says only that Defendant Elkins has seen Plaintiff once for Plaintiff's hepatitis, and refuses to let Plaintiff be treated at UAMS. Plaintiff has no right to his receive his preferred course of treatment. Considering that Plaintiff has been at the Detention Center less than four months, it is unclear from Plaintiff's allegations how Defendant Elkins was deliberately indifferent to Plaintiff's medical needs. As such, Plaintiff's allegations in connection with his hepatitis B treatment fail to state a

claim on which relief may be granted. Additionally, Plaintiff has not established imminent danger. Because Plaintiff is a three-striker, he must establish imminent danger to be able to proceed in forma pauperis. Otherwise, Plaintiff must pay the $402 administrative and filing fees.

   **B.   November Illness; Twisted Ankle; and Dental Care**

Plaintiff's November illness, twisted ankle, and need for dental care all are past occurrences. For the imminent danger exception to apply, the alleged harm must be "real and proximate" and occurring at the time the complaint is filed. Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). Plaintiff has not alleged any ongoing threat of harm from these incidents. As such, Plaintiff has not established that he may proceed in forma pauperis under the imminent danger exception.

**V.   Superseding Amended Complaint**

Plaintiff may amend his Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect.[4] Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should: **1) name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the**

---

[4] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

**reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit an Amended Complaint, I will recommend that his Original Complaint be dismissed.  See 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

## VI.   CONCLUSION

IT IS, THEREFORE, ORDERED that

1.   Plaintiff's IFP Motion (Doc. No. 1) is DENIED without prejudice.

2.   Plaintiff must submit either the $402 statutory filing fee or a completed in forma pauperis application, with the required calculation sheet **signed by an authorized official of the incarcerating facility**, within thirty (30) days of the entry date of this Order.[5]   If Plaintiff does not do so, I will recommend that his claims be dismissed without prejudice.   Loc. R. 5.5(c)(2); FED. R. CIV. P. 41(b).

3.   If Plaintiff wishes to submit an Amended Complaint for the Court's review, he shall file the Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order.   If Plaintiff does not submit an Amended Complaint, I will recommend that his Original Complaint be dismissed.  See 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

4.   The Clerk of the Court is directed send to Plaintiff an in forma pauperis application, including certificate and calculation sheet, as well as a blank 42 U.S.C. § 1983 complaint form.

---

[5] Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which provides, in part: "If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.   Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

IT IS SO ORDERED this 20th day of December, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE